# BEECHER MANUFACTURING COMPANY *v.* ATWATER MANUFACTURING COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

Argued April 23, 1885.—Decided May 4, 1885.

The use in succession of two distinct pairs of dies, of well-known kinds, not combined in one machine, nor co-operating to one result, but each pair doing by itself its own work, is not a patentable invention.

This was a bill in equity for infringing a patent right. The facts are stated in the opinion of the court.

*Mr. O. H. Platt* and *Mr. H. T. Fenton* for appellant.

*Mr. George S. Prindle* and *Mr. J. M. Wilson* for appellee.

MR. JUSTICE GRAY delivered the opinion of the court.

This is an appeal from a decree for an injunction and damages for the infringement of a patent issued to Robert R. Miller, on February 22, 1870, and reissued to his assigns on May 6, 1879, for an improvement in dies for forming the clip arms of king bolts for wagons.   8 Fed. Rep. 608.

According to the description in the specification, such bolts are made by taking an iron rod of suitable length, splitting it for about two inches at one end, and turning the forks or arms outwards; then heating the rod, placing the body in a hole in a block or die grooved to receive the arms, and striking it with a plane-faced upper die, so as to force the arms into and make

them take the shape of the grooves; and afterwards placing it between two other dies, which give the arms the proper bend to fit them to the axle-tree of a wagon. With the subsequent shaping of the collar and stem of the bolt, this patent has nothing to do.

In the original patent, the patentee stated that he did not claim either of the dies separately, and claimed only "the series of dies" (designating them by letters) "for forming the clip arms and wings of the lower ends of king bolts, for wagons, said dies being constructed and operating substantially as herein shown and described." In the reissue, he claimed, 1. The first pair of dies, "constructed and combined substantially as and for the purpose shown." 2. "The series of dies" (designated by letters) "for forming clip king bolts, substantially as shown and described."

The first claim of the reissue is bad, not only because it was for something the patentee had expressly disclaimed in the original patent, but because, as the evidence clearly shows, there was nothing new in the dies themselves.

The second claim of the reissue, like the single claim of the original patent, for the use in succession, or, in the patentee's phrase, "the series," of the two pairs of old dies the one pair to shape the arms of the bolt, and the other to give those arms the requisite curve, does not show any patentable invention. The two pairs of dies were not combined in one machine, and did not co-operate to one result. Each pair was used by itself, and might be so used at any distance of time or place from the other; and if the two were used at the same place, and in immediate succession of time, the result of the action of each was separate and distinct, and was in no way influenced or affected by the action of the other. This was no combination that would sustain a patent. *Hailes* v. *Van Wormer*, 20 Wall. 353; *Pickering* v. *McCullough*, 104 U. S. 310; *Stephenson* v. *Brooklyn Railroad, ante,* 149.

*Decree reversed and case remanded with directions to dismiss the bill.*