GUNN, Trustee, and others *v.* SAVAGE and others.

*(Circuit Court, D. Connecticut. September 25, 1885.)*

LETTERS PATENT—REISSUE—INFRINGEMENT—INJUNCTION.
    Reissue No. 6,113, dated November 3, 1874, granted on original letters patent No. 123,927, granted February 20, 1872, considered, and preliminary injunction to restrain infringement denied.

Motion for Preliminary Injunction.
*Bowdoin S. Parker* and *Charles E. Perkins,* for plaintiffs.
*Charles E. Mitchell,* for defendants.

SHIPMAN, J. This is a motion for a preliminary injunction against the infringement of the third claim of reissued letters patent No. 6,113, to Bowdoin S. Parker, dated November 3, 1874, and applied for December 22, 1873, the original patent having been granted February 20, 1872, and also against the infringement of the second and third claims of letters patent No. 314,189, and of the single claim of letters patent No. 314,192, each of said patents having been issued to William Pearce, and dated March 17, 1885. The Parker reissue and No. 314,189 are for improved dies for forging ox-shoes. No. 314,-192 is for the process of forging ox-shoes by the use of the dies described in 314,189. Sundry questions have been made by the defendants. I shall briefly mention those which compel me to deny the motion and to postpone a positive decision until the more careful investigation incident to a final hearing.

The single claim of the original Parker patent was as follows: "The

swaging dies, C, C′, D, D′, for forming ox-shoes substantially as described." C, C′, were the rough, shaping, or bending dies. D, D′, were the finishing dies. The first claim of the reissue is the claim of the original patent. The second and third claims of the reissue are as follows:

"(2) The male die, D′, with its convex projection, K, substantially as and for the purpose described.

"(3) The female die, D, formed with depressions for calks, d, d, at the ends of the intaglio, and with rib, h, substantially as described."

On December 16, 1873, six days before the Parker reissue was applied for, upon an application filed November 22, 1873, letters patent were issued to John Deeble, one of the defendants, assignor of three-fourths of his right to the Atwater Manufacturing Company, one of the plaintiffs, for a series of four sets of dies for forging ox-shoes. The claim is for "the series of dies, A, C, E, L, as herein described, for the manufacture of ox-shoes." The die, L, is substantially the die, D, of the Parker reissue.

In the months of November and December, 1873, 9,600 pounds of ox-shoes were made by the dies of the Deeble patent. Preparations for the manufacture of said shoes, including the making of the dies, had begun as early as August, 1873.

The defendant's position is that under the established law in regard to reissues, as explained in *Mahn* v. *Harwood*, 112 U. S. 354, S. C. 5 Sup. Ct. Rep. 174, the third claim of the Parker reissue is void.

The second and third claims of the Pearce patent No. 314,189 are as follows:

"(2) The dies, A and B, constructed as described, and adapted for forging an ox-shoe from a straight bar of metal, substantially as described.

"(3) The series of dies, A, B, D, and E, constructed as described and adapted for forging and trimming an ox-shoe, substantially as shown."

A and B are the female forging dies; D and E are the trimming dies. The patentee's contention is that "the peculiarity of the process is chiefly in so forming the said dies, A and B, that the blank may be formed from a straight bar of iron placed across the die, A, in substantially a line with the transverse centers of the calk recesses." The die, B, is substantially the same as the die, D, of the third claim of the Parker reissue. The trimming dies are old.

The important question is the novelty and patentability of the invention described in the second claim. Deeble offers the testimony of himself and five other witnesses that from 1874–75 to 1878 he used, in the manufacture of a large number of ox-shoes known as No. 3, his bending dies and a ribless die of substantially the shape of the finishing die, L. This statement is controverted by a large number of witnesses. The ribless die is claimed to have been substantially like the Pearce die, A, except in particulars merely mechanical. Deeble also testifies that, as an experiment, he successfully made a

few shoes from a straight rod upon the ribless die and die L, without the use of any other dies. Models of these dies are exhibits known as "Deeble dies Nos. 1 and 2."

As the die, B, of the second claim is old, and dies, B, D, and E, of the third claim are old, if die, A, is also old, or an immaterial modification of an old die, it is insisted that the two claims are within the principle of the decision in *Beecher Manuf'g Co.* v. *Atwater Manuf'g Co.*, 114 U. S. 523, S. C. 5 Sup. Ct. Rep. 1007, and are void.

The motion is denied.