JENKINS and others *v.* GURNEY.

*(Circuit Court, D. Massachusetts.   May 11, 1885.)*

PATENTS FOR INVENTIONS—HYSLOP MACHINE FOR MAKING SHOE-SHANKS—INFRINGEMENT.
 Patent No. 159,577, dated February 9, 1875, granted to John Hyslop, for an improvement in machines for making shoe-shanks, *held* valid, and infringed by defendant's machine, having a forming die, flanged table, and vibrating arms.

In Equity.
*C. H. Drew* and *C. F. Perkins*, for complainants.
*P. E. Tucker* and *C. H. Swan*, for defendant.

COLT, J.   This suit is brought upon letters patent, numbered 159,-577, dated February 9, 1875, granted to John Hyslop, Jr., assignor to the complainants, for an improvement in machines for making shoe-shanks. The invention relates to a device for packing shoe-shanks upon a table after leaving the cutting and forming dies, by which means the labor is saved of packing by hand. The same patentee is the inventor of a machine for cutting, punching, and bending metal shoe-shanks, for which a patent, No. 129,347, was issued July 16, 1872. The patent in suit was intended as an attachment to this machine. This appears from the drawings, specification, and evidence. The claim of the patent is as follows:

"As an improvement in machines for cutting and bending metallic shoe-shanks, the combination, with the forming die, E, of flanged table, F, and vibrating arms, II, fastened to a shaft, I, oscillated by mechanism, substantially as described, as and for the purposes set forth."

The objection is urged that the claim of the patent does not describe an operative device. The claim is for a packing device in combination with a forming die, in a machine for cutting and bending shoe-shanks, and taken in connection with the prior machine, it is plainly operative and useful. The description of the prior machine in the patent being sufficiently clear and specific, it became unnecessary to make the movable former, D, which comes forward and presses against the forming die, E, or the other elements of the prior machine, parts of the combination claimed in the patent. *Loom Co.* v. *Higgins,* 105 U. S. 580. But, in view of the prior state of the art, it is contended that the patent is void for want of novelty, and we are referred to several patents as anticipating the Hyslop invention.

The Kellogg patent, for printing-presses, dated January 6, 1863, shows a "fly" which receives the printed work as it passes from the press, and deposits the sheets, one by one, in a box. It can hardly be said, we think, that the "fly" of a printing-machine anticipates the Hyslop device. The mechanism may be somewhat similar, but the mode of operation is different. Nor does the Kellogg patent contain the same combination of elements as the patent in suit.

The Weymouth patent, dated September 25, 1866, for making envelopes, has a device for slightly compressing the envelopes as they fall from the machine. It is difficult to understand from the drawings precisely the operation performed by what is termed the "follower." It is evident the device would not work in a machine for making shoe-shanks. Certain parts of Weymouth pressing device are absent from Hyslop's machine. If we regard the claim of the patent as a combination of a forming die with a packing device, the Weymouth patent presents no such combination.

As for the Baird patent, granted June 8, 1869, for an improvement in receiving and conveying blanks from printing-presses, it is manifest that the mechanism is quite different from the Hyslop device. The Briner patent, No. 159,559, for forming spring shanks for shoes, is dated the same day as the patent in suit; but we think the evidence goes to establish the fact that the Hyslop invention was prior in point of time. It is therefore unnecessary to discuss the question of anticipation. So far as Briner undertakes to prove the use of a packing device similar to Hyslop's, for a period of six years prior to the date of his patent, we cannot but conclude from his whole testimony that he has failed to establish such use with anything like the clearness and certainty that is necessary.

Upon the question of infringement we entertain no doubt. The defendant's machine has a forming die, flanged table, and vibrating arms. The fact that the blanks are cut before use in defendant's

machine can make no difference. The patent in suit is not for any cutting mechanism. The invention is simply a forming die, which bends the shank so that it will stand on its edge in combination with the packing device. The end attained in both machines is the same, and the mechanism is substantially the same, or the equivalent. In the patent in suit the blank falls to the table by the action of gravity, after being operated upon by the forming dies. In the defendant's machine the working faces of the forming dies are horizontal, so that gravity cannot take the shank from the forming dies. Means are therefore provided to push the shank from the dies; and, as it is necessary for the shank to be on its edge, the forward end of the table is so shaped that in pushing the blank forward it will turn from a flat to an edgewise position. The devices are in substance the same, and the differences of construction are insufficient, in our opinion, to relieve the defendant from the charge of infringement. Though the invention of Hyslop is limited in its scope, we think it fairly patentable. He was the first to attach a packing device to a machine for making shoe-shanks.

Let a decree be entered for the complainants, for an injunction and account, as prayed for in their bill.

Decree for complainants.