McDONALD v. WHITNEY and others.

(Circuit Court, D. Massachusetts.   August 4, 1885.)

1. PATENTS FOR INVENTIONS—NOVELTY—PATENTS NOS. 200,078 AND 210,797—IN-
   FRINGEMENT.
       Patent No. 200,078, dated February 5, 1878, and patent No. 210,797, dated
   December 10,1878, issued to James W. McDonald for machines for unhairing and
   scouring hides and skins, held valid, and infringed by defendants.
2. SAME—USE OF INFRINGING MACHINE BY SUPERINTENDENT—PARTNERSHIP.
       When an infringing machine is used by a father and son, and it is not shown
   that they were partners, but it appears that the son was a superintendent in
   the shop where the machine was used, no action for infringement will lie against
   the son.

In Equity.

T. W. Clarke and B. S. Parker, for complainant.

J. H. Millett, for defendants.

COLT, J.   This bill in equity is brought upon two patents issued to
the complainant, James W. McDonald, for unhairing and scouring
hides and skins.   The first patent is dated February 5, 1878, and
numbered 200,078.   The second patent is dated December 10, 1878,
and numbered 210,797.   The defendants are charged with infringing
the first and second claims of the last patent, which are as follows:

(1) In a machine for unhairing and scouring hides or skins, the combina-
tion, with feed-rolls and a supporting roll, of a lever and intermediate mech-
anism, whereby, by a single movement of the lever, the feed-rolls are separated
and the supporting roll is adjusted with reference to the scouring-roll, all
substantially as set forth.   (2) In machines for unhairing, working and scour-
ing skins and hides, the combination of the feed-rolls, DD¹, one of which can
be separated and held apart from the other, and a scouring-roll and a support-
ing roll, G, which can be moved and held from said scouring-roll, all arranged
to operate substantially as and for the purposes described.

It can readily be seen that in machines for unhairing hides, owing
to the inequalities of thickness in the hide, some means of adjusting
the roll are necessary.   In McDonald's second patent; by means of
one motion of a treadle, the operator applies a system of leverage
whereby the feed-rolls are separated, and the supporting roll is ad-
justed with reference to the scouring-roll.   The feed-rolls are pressed
towards each other by spring pressure, and the supporting roll is
pressed towards the scouring-roll by spring pressure; by a single move-
ment of the lever, and against the spring pressure, the separation of
the feed-rolls and the adjustment of the supporting roll, with refer-
ence to the scouring-roll, takes place.   The first of the above claims
covers the combination of feed-rolls, supporting roll, and intermediate
mechanism, by means of which this adjustment takes place.   The
second is simply for the combination of the feed-rolls, one of which
can be separated, and a scouring-roll, and a supporting roll which can
be moved from the scouring-roll.   Owing to the distance between the
feed-rolls and the supporting and scouring rolls, we find a bed, H,

(which serves to support the hide during its progress from the feed-rolls to the scouring-roll,) set out in the specification and forming part of the fourth claim.   As the bed, H, is necessary to the practical operation of the machine, it is urged that we must consider it as constituting one of the elements described in claims 1 and 2.   We do not find the bed, H, included in those claims, by any proper construction of language; nor do we think the claims should be held to be void because the machine, as a whole, may not be practically operative without the bridge, or that the claims become a mere aggregation of old devices, because the bridge is excluded from the combination.   The gist of McDonald's invention, as described in claims 1 and 2, is the separation and adjustment of the rolls held together by spring pressure, by means of a treadle and levers.

It is further urged, as a ground of defense, that, owing to the prior state of the art, McDonald cannot claim broadly the combination with feed-rolls and a supporting roll, of a lever and intermediate mechanism, whereby, by a single movement of the lever, the feed-rolls are separated and the supporting roll is adjusted with reference to the scouring-roll, because this is old.

We cannot consider the Townsend patent, dated April 23, 1872, No. 126,105, for improvement in leather boarding and graining machines, as anticipating the McDonald device.   The machine is for a different object, and it has no cylinder of knives; nor are the rolls spring pressed towards each other; and there are other differences in construction and mechanism.   The adjustment of the rolls in the Townsend machine, by means of a treadle and lever, for the purposes described, is quite different, as it seems to us, from the adjustment of the rolls in a machine for unhairing hides with a knife-cylinder revolving 1,200 to 1,400 times a minute.

It is clear, also, that the Larabee patent, dated July 24, 1877, and the Sheldon patent, of October 22, 1878, both for unhairing hides, do not describe a device where, by one motion of the treadle, the feed-rolls are separated and the supporting roll adjusted with reference to the scouring or work roll.   The movement of the pressure-roll towards or from the knife-cylinder in the Larabee machine, and the lifting of the feed-roll from the pressure-roll in the Sheldon machine, by one movement of the treadle, do not, in our opinion, cover the McDonald device.   There is also testimony going to show that, from all that appears, the McDonald invention was prior in time to Sheldon's.

It is further contended that McDonald was not the inventor of the lever mechanism for operating two sets of rolls, but that Benjamin B. Bradford, assisted by one David H. Pratt, as early as 1877 or 1878, altered over a Roberts machine, so that by means of levers the two sets of rolls were simultaneously adjusted upon pressure being applied to the foot-treadle connected with the levers.   Without entering into a review of the testimony, it is sufficient to say that, after a very

careful examination, we are satisfied that the defendants have not clearly established that Bradford, assisted by Pratt, made the improvements claimed prior to the invention of McDonald.

The patent carries with it a presumption of novelty, and the burden of rebutting that presumption is upon the defendants. The evidence to establish prior knowledge or use must be clear and satisfactory, and beyond a reasonable doubt. In view of the conflict of evidence which the record presents, we cannot say that the defendants have made out this defense. *Hawes* v. *Antisdel*, 2 Ban. & A. 10; *Wood* v. *Mill Co.* 4 Fish. 550, 560; *Parham* v. *American Buttonhole Co.* Id. 468, 482.

Upon the question of infringement we entertain no doubt. In the Tidd machine, so called, upon which work was done by the defendants, there are but three rolls, the pressure-roll taking the place of the under feed-roll and of the pressure-roll in the McDonald machine. By one movement of the treadle, however, the feed-roll is separated from the pressure-roll, and the pressure-roll is adjusted to the scouring or work roll. The feed-roll is spring pressed towards the pressure-roll, and the pressure-roll spring pressed towards the scouring-roll. The only difference is that on moving the treadle the movement of the pressure-roll is lateral with respect to the scouring-roll, instead of vertical as in the McDonald machine.

We find the substance of the McDonald invention in the Tidd machine.

This suit is brought against Joel Whitney and Arthur E. Whitney, doing business under the style and name of Joel Whitney, and also under the style and name of Arthur E. Whitney. The father, Joel Whitney, swears that he employs his son as superintendent in his shop at three dollars a day, and the son states that he has been employed by his father for 18 years. We find no proof of partnership. The fact that the work on the Tidd machine was done at Whitney's shop under the direction of Arthur E. Whitney, acting as superintendent, would not make him liable. It is not shown that Arthur E. Whitney has any interest in the business, but he is only employed by his father. Under these circumstances no action will lie against him. *United Nickel Co.* v. *Worthington,* 13 Fed. Rep. 392.

A decree may be entered against the defendant Joel Whitney, and the bill dismissed as to the defendant Arthur E. Whitney.