BRICKILL et al. v. MAYOR, ETC., OF CITY OF BALTIMORE.

*(Circuit Court, D. Maryland. April 27, 1892.)*

1. PATENTS FOR INVENTIONS—UNCERTAINTY OF CLAIM—WATER HEATER FOR FIRE EN-
   GINES.
   Letters patent No. 81,132, issued August 8, 1868, to William A. Brickill, cover a water heater connected with the boiler of a steam fire engine by two detachable pipes, one carrying the cold water to the heater and the other returning it, heated, to the boiler, thus "maintaining a free circulation between the boiler and heater," and keeping the water in the boiler always hot, so as to expedite the generation of steam on a fire call. Pipes controlled by cocks connect the heater with a water tank, and when the engine is away the same circulation is established and maintained between the heater and the tank, "the object being to preserve the coil or heater." The claim is for the "combination, with a steam fire engine, of a heating apparatus, constructed substantially as described, for the purposes fully set forth." *Held*, that it sufficiently appears that the tank is a part of the heater, and not a separate element of the combination, and the patent is not void on its face for uncertainty.

2. SAME—COMBINATION.
   Construing the tank as part of the heating apparatus, the claim cannot be said to show on its face only an unpatentable aggregation of parts, since there is a joint and co-operating action between the heater and the boiler, and the action of each influences the action of the other.

At Law. Action by William A. Brickill and others against the mayor and city council of Baltimore for damages for infringement of letters patent No. 81,132, issued to plaintiff August 8, 1868, for an improvement in "feed-water heaters for steam fire engines." Heard on demurrer to the declaration. Overruled.

The specifications describe, substantially, a water heater connected with the boiler of a steam fire engine by two detachable pipes, one carrying the cold water to the heater, and the other returning it heated to the boiler; thus "maintaining a free circulation between the boiler and heater," and keeping the water in the boiler always hot so as to expedite the generation of steam on a fire call. Pipes controlled by cocks connect the heater with a water tank, and, when the engine is away, the

same circulation is established and maintained between the heater and the tank, "the object being to preserve the coil or heater."

*Raphael J. Moses, Jr., Arthur Stewart,* and *A. C. Trippe,* for plaintiffs.
*Albert H. Walker* and *Albert Ritchie,* Corp. Counsel, for defendant.

MORRIS, District Judge. The ground of demurrer urged at the hearing is that the plaintiffs' patent is void on its face, because it does not point out and distinctly claim the part, improvement, or combination which the patentee claims as his invention or discovery; and it is also urged that the patent is void because it appears upon its face to be for an unpatentable aggregation of a steam fire engine and a heating apparatus. The claim of the patent is expressed in the following words:

"Having thus described my invention, what I claim as new, and desire to secure by letters patent, is the combination with a steam fire engine of a heating apparatus constructed substantially as described, for the purposes fully set forth."

The specifications describe the water heater, and the means by which it is to be connected with the boiler of the steam fire engine, so as to establish and maintain a circulation of water between the heater and the boiler while the engine is in the engine house. In describing the construction of the heater, mention is made of an attachment to it called a "water tank," which comes into use when the fire engine is detached, and which then preserves the heater from the danger of burning out.

It is urged that, if the claim be construed to include the water tank as one of the elements of the combination, then the claim is not for a patentable combination, but for a mere aggregation of devices, because the water tank does not come into use until the boiler is taken away, and there is therefore never any joint action between the boiler and the tank. It is further contended that, if the claim be read as if the tank had been disclaimed as an element, still it is argued that there is no combined co-operating action resulting from the attachment of the heater to the boiler, and that the boiler is simply the inert receptacle of the hot water circulating through it, the heater being the only thing which acts at all. This line of argument, it appears to me, leaves out of consideration the beneficial result which is the object of the combination, and seeks to put a much too restricted and artificial construction upon patentable combinations. The object sought to be accomplished is to keep the water in the boiler constantly hot, without keeping up all the time a fire under the boiler, awaiting the time when the fire engine might be needed, so that steam can then be quickly raised. This can be accomplished only by combining with and attaching to the boiler some heating device in such manner that the water will circulate between them. As stated by Mr. Justice CURTIS in *Forbush* v. *Cook,* 2 Fish. Pat. Cas. 668:

"It is not necessary that the several elementary parts of the combination should act simultaneously. If those elementary parts are so arranged as to produce some one practical result, which result, when attained, is the product of the simultaneous or successive action of all the elementary parts, viewed as one entire whole, a valid claim for thus combining those elemen-

tary parts may be made. Nor is it requisite to include in the claim for a combination, as elements thereof, all the parts of the machine which are necessary to its action, save as they may be understood as entering into the mode of combining and arranging the elements of the combination." *McKesson* v. *Carnrick*, 19 Blatchf. 158, 9 Fed. Rep. 44; *Smith* v. *Fay*, 6 Fish. Pat. Cas. 446.

It is not a tenable proposition to say that the boiler is a mere inert receptacle, incapable of any joint action. The object to be attained is to enable the boiler to furnish steam as quickly as possible when the demand for it comes. The combined action of the heater and the boiler accomplishes this result, although by successive steps. The water circulates through the connecting pipes between the boiler and the heater, and one could not act without the other to accomplish the result proposed, although the final result is attained after the boiler is detached from the heater. I take it, therefore, that there can be no more objection to a claim for a combination of the heater and the boiler than there would be to a combination of an engine and a condenser, or of a boiler and a water feeder of any sort; and that it is quite clear that, if the claim or the specification distinctly disclaimed the water tank as an element, the combination would not be on its face open to any objection as an unpatentable aggregation.

The only question, then, is whether the claim is uncertain as to the elements of the combination. In his specifications the patentee states that he is—

"Well aware that the form of the heater used, as well as of supplying water after the engine has been detached therefrom, may be varied without changing the nature of my invention, which, as already set forth, consists in connecting to or combining with a steam fire engine a heating apparatus, so that water heated to nearly the boiling point may be supplied to the boiler of the engine, that the steam may be more rapidly generated, and consequently I do not wish to be understood as intending to claim any peculiar arrangement of heating apparatus herein shown."

Reading the claim in connection with this explicit statement in the specifications, I can perceive no uncertainty in the claim. It expresses to my mind that there are but two elements in the combination,— one a steam fire engine and the other a heating apparatus, constructed substantially as described. Just what scope is to be given to the words "constructed substantially as described" cannot intelligently or rightfully be decided upon a demurrer in advance of testimony as to the alleged infringement. To do so would be to necessarily disregard the rule that, where a claim is open to two constructions, the one will be adopted which will preserve to the patentee his actual invention. There is no more uncertainty in this case as to the actual extent of the claim than there is in every case in which it may be necessary to consider the state of the art at the date of the application, in order to define the limits and scope of the invention described in the patent. The demurrer is overruled.[1]

[1] This patent was also sustained, on demurrer, on substantially the same grounds, in *Brickill* v. *City of Hartford*, 49 Fed. Rep. 372.