NATIONAL PROGRESS BUNCHING-MACHINE CO. *v.* JOHN R. WILLIAMS CO.

*(Circuit Court, S. D. New York. December 8, 1890.)*

1. PATENTS FOR INVENTIONS—CIGAR-BUNCHING MACHINE—COMBINATION.
   The ninth claim of letters patent No. 331,676, granted December 1, 1885, to Nicholas H. Borgfeldt and Adolph C. Schutz, covers a machine designed to make a cigar bunch from scrap-tobacco. The tobacco is placed in a cylinder, which throws out measured quantities through a chute into a funnel. The latter is provided with a plunger, which compacts the tobacco into form. It is then delivered upon an apron, and rolled into a completed bunch, which is then deposited in a receiver. The claim is as follows: "In a bunch machine, the combination of the cylinder, B, having notched disk, D, chute, C, with the reciprocating hopper, I, reciprocating plunger, L, apron, M, sliding frame, N, having roller, $u$, and a bunch receiver, R." It appeared that each element claimed was old, and that each performed the same function when acting separately as it performed in the article patented. *Held*, that the claim for combination could not be sustained, as the bunch receiver had no connection with the operation of the machine, and was meant simply to hold the manufactured article.

2. SAME—INFRINGEMENT.
   In view of the prior state of the art, and the fact that the claim specifically refers to the drawings by letter, it will be strictly construed, and a machine producing similar results will not be held an infringement unless it contains the features enumerated.

In Equity.

This is a bill in equity filed to restrain the defendant from infringing letters patent No. 331,676, granted December 1, 1885, to Nicholas H. Borgfeldt and Adolph C. Schutz, for an improved cigar-bunching machine. The invention relates to a machine designed to produce automatically the inner part, or bunch, of a cigar:

"The machine is adapted to produce such a bunch with a filler of scrap-tobacco, to measure the proper quantity of the scrap-tobacco for each bunch, to transport the same to the binder, to press the filler into the binder, and then to roll the binder around the filler, so as to complete the bunch, depositing the latter in condition for immediate and convenient use."

The machine is provided with a distributing cylinder having mechanism for measuring the scrap-tobacco and for discharging it in successive doses, each dose containing the exact quantity of tobacco necessary for one bunch. A reciprocating hopper, provided with a reciprocating plunger, receives the tobacco from the chute of the cylinder, compacts the bunch, and presses it into the binder. The machine is further provided with a sliding and tilting binder-rest combined with a fixed apron, roller, and mechanism for moving the slide and roller. These operate in such a manner that when the filler has been pressed into the binder, the sliding frame, roller and apron co-operate to roll the binder around the filler. The completed bunch is then deposited in the proper recep-

tacle from which it is taken by an attendant to be molded and finally covered with a wrapper in the ordinary manner of manufacturing cigars. The ninth claim only is involved.    It is as follows:

"(9) In a bunch-machine, the combination of the cylinder B, having notched disk D, and chute C, with the reciprocating hopper I, reciprocating plunger L, apron M, sliding frame N, having roller *u*, and a bunch-receiver R, substantially as specified."

The defenses are *First*, non-infringement. *Second*, anticipation. *Third*, that the ninth claim covers an aggregation and not a patentable combination. *Fourth*, that the claim lacks patentable novelty. *Fifth*, that the claim does not describe an operative machine. *Sixth*, that complainant's title is defective, another company holding the exclusive right to manufacture, use and sell under the patent for the state of New York.

*Arthur v. Briesen*, for complainant.
*Charles C. Gill*, for defendant.

Coxe, J.    The machine covered by the ninth claim of the patent is designed to make a cigar bunch—which is all of a cigar minus the outer wrapper—from scrap-tobacco.    The tobacco is placed in a large receptacle or cylinder which throws out accurately measured quantities, through a chute, into a vertically movable funnel, each dose being sufficient for one bunch.    The funnel is provided with a plunger which descends upon the tobacco and compacts it into a form approximating a cigar.    It is then delivered upon an apron on which a leaf of tobacco called a "binder," has been placed and is rolled, by means of a traveling roller, into a completed bunch.    This bunch is deposited in a clamp, or receiver, where it is held intact until removed by hand.    The claim covers a bunch machine having the following features: *First*, the cylinder B, having notched disk D and chute C.    *Second*, the reciprocating hopper I.    *Third*, the reciprocating plunger L.    *Fourth*, the apron M. *Fifth*, the sliding frame N, having roller *u*.    *Sixth*, the bunch receiver R. Experts and counsel agree that these elements, considered separately, were old and well known.    The complainant has vied with the defendant in demonstrating that each was "thoroughly old" long prior to the date of the patent.    The complainant's brief states the proposition as follows:

"Now, therefore, it is clear from the foregoing, that the complainants cannot be regarded as claiming a new combination of new elements, but that they seek to hold by their patent a new combination of old elements—old, well known elements—for the purpose of producing a new result."

Not only was each element old, but sometimes two and sometimes three had been united to do similar work to that of the complainant's machine.    Machines for making cigars were known over 40 years ago, and since then there has been a steady evolution in the art.    Previous to the patent, machines were in use which discharged the tobacco in accurate doses, compacted it by pressure into the shape of a cigar, and rolled the binder and filler into the finished bunch.    The machines in controversy

show the progress which time would naturally develop in a busy and lucrative industry.

But two defenses will be examined. *First*, does the claim cover a combination or an aggregation? and, *second*, does the defendant infringe?

In order to be patentable a combination must not only be new but it must produce a new result, or an old result in a better way. If the combination be old and the result new, or if the result be unchanged and the combination new, in either case there is no patentable novelty. In a combination of old elements all the parts must so act that each qualifies every other. If they act independently, or if one acts independently of the others, it is an aggregation. It is not enough that these independent parts are conveniently associated in one machine, if each performs the same function it did before they were united. They must be so connected that the new result is due to their co-operative action. *Thatcher Heating Co.* v. *Burtis*, 121 U. S. 286, 7 Sup. Ct. Rep. 1034; *Pickering* v. *McCullough*, 104 U. S. 310; *Packing Co. Cases*, 105 U. S. 566; *Hailes* v. *Van Wormer*, 20 Wall. 353; *Trimmer Co.* v. *Stevens*, 53 O. G. 2044, 11 Sup. Ct. Rep. 150; *Stephenson* v. *Railroad Co.*, 114 U. S. 149, 5 Sup. Ct. Rep. 777; *Beecher Manuf'g Co.* v. *Atwater Manuf'g Co.*, 114 U. S. 523, 5 Sup. Ct. Rep. 1007; *Machinery Co.* v. *Bunnell*, 27 Fed. Rep. 810; Merwin on Patentability, 401.

The ninth claim must be considered as covering, irrespective of connecting mechanism, the combination of elements therein enumerated, and, tested by the foregoing rules, it is somewhat difficult to perceive what new result is produced by their united action. That the machine is better than any which preceded it is sufficiently established; but it is argued by the defendant that, although a number of old devices and instrumentalities are placed in convenient juxtaposition, each acts just as it did before. The cylinder will, it is said, discharge the dose in the old way irrespective of the fact that the hopper and plunger are under the chute. The hopper and plunger will compact the tobacco in the similitude of a cigar whether the tobacco is dropped from the chute or is placed in the hopper by hand. The roller will roll and the receiver will hold the bunch in the same manner separately as in their present position. And yet it is thought that the claim might be sustained for a combination were it not for the introduction of the last element—the bunch receiver. The result to be accomplished is the finished bunch. This object is attained by the successive action of the cylinder, the hopper and plunger, and the rolling apparatus. It is true that if one of these were removed the others would act, but the bunch would not be made in a manner so convenient and advantageous. For these elements a combination claim might be sustained within the doctrine of the following authorities: *Forbush* v. *Cook*, 2 Fish. Pat. Cas. 668; *Hoffman* v. *Young*, 2 Fed. Rep. 74; *Birdsall* v. *McDonald*, 1 Ban. & A. 165. But the introduction of the bunch receiver renders the application of these cases to the claim in question, at least, exceedingly doubtful. What reciprocity can there be between the clamp at the end of the rolling table and the cylinder at

the top of the machine? In what way does the cylinder act upon the clamp or the clamp upon the cylinder? Remove either and the other would perform its function unimpaired. The clamp is simply a convenient device for holding the completed bunch. Its very name, "bunch-receiver," would seem to preclude its being a part of the combination. A combination produces something which, when finished, is placed in a receptacle. The receptacle adds nothing to the manufactured thing—it simply holds it. To use the language of the complainant's expert: "Such bunch-receiver is entirely independent and outside of the rolling apron." All action of the other parts of the machine ceases before the clamp begins to perform its office. The bunch (the result) is finished, and rather than have it fall to the floor, or into a box, or into the hand of the operator, the patentees thought it convenient to provide, what complainant's counsel aptly terms, "a mechanical hand" to receive it. This hand has no more to do with the operation of the cylinder, the reciprocating plunger, or the roller, than would a hand of flesh and blood, if placed at the end of the table to catch the bunch. Test it by carrying the operation a step or two further. It is said that the cigar is taken from the clamp by the operator, who places it in a cigar mold and applies the final external wrapper. Assume that the mold is located directly under the clamp, with proper machinery arranged to deposit the bunch in the mold and to convey it to an automatic wrapper-applying device, and again to a cigar box, where it is packed and prepared for the market. Can it be that these structures—the mold, the wrapper-applying machine and the box—could be added to the elements of the claim and included in a valid combination? And yet these also are the progressive but independent steps in accomplishing the desired result—a cigar ready for the smoker. There is no more combination between the cylinder which acts at the beginning of the bunch making operation and the receptacle for holding the bunch at the end, than there is between a canal-boat which receives the grain from the elevator chute, and the bin from which the grain is taken; no more than there is between the knife of the guillotine, and the basket which catches the head of the victim. In a recent case the supreme court decided that where the mechanical operation and effect of the patented devices are the same, whether one of the elements of the claim is present or absent, there can be no patentable combination between those devices and that element. It is a mere aggregation. *County of Fond du Lac v. May,* 53 O. G. 1884, 11 Sup. Ct. Rep. 98.

But irrespective of these views, it is thought that there is no infringement. It will be observed that the claim is more than ordinarily specific. Every element is designated by a letter restricting it to the mechanism shown in the description and drawings. The complainant contends that the claim may be construed substantially as follows: In a bunch machine, the combination of a measuring and dose-distributing device, having a chute or outlet, with a dose-receiving, shaping and compacting device, a bunch-rolling and binder-applying device and a bunch-receiver or clamp, substantially as specified.

It is not necessary to consider what might have been the result had such a claim been allowed. It is enough that there is no such claim in the patent and none that can be so broadened by construction. Even if the state of the art permitted it, and it does not, the use of language unusually concise and technical makes the parts, thus referred to, essential features of the claim, and precludes a loose construction. The courts are not to consider what the patentees might have patented, but what they did patent. Here they have accepted a claim limited to the mechanism shown in the description and drawings. The court cannot now construct for them a different claim. *Keystone Bridge* v. *Iron Co.*, 95 U. S. 274; *Snow* v. *Railroad Co.*, 121 U. S. 617, 7 Sup. Ct. Rep. 1343; *Shepard* v. *Carrigan*, 116 U. S. 593, 6 Sup. Ct. Rep. 493; *Seymour* v. *Osborne*, 11 Wall. 546; *Sutter* v. *Robinson*, 119 U. S. 530, 7 Sup. Ct. Rep. 376; *White* v. *Dunbar*, 119 U. S. 47, 7 Sup. Ct. Rep. 72; *Fay* v. *Cordesman*, 109 U. S. 408, 3 Sup. Ct. Rep. 236; *Corn-Planter Case*, 23 Wall. 181, 218; *McCormick* v. *Talcott*, 20 How. 402; *Norton* v. *Haight*, 22 Fed. Rep. 787.

The case of *Sewing-Mach. Co.* v. *Lancaster*, 129 U. S. 263, 9 Sup. Ct. Rep. 299, relied on by the complainant, is not in point as appears from the following quotation from the opinion:

"Morley, having been the first person who succeeded in producing an automatic machine for sewing buttons of the kind in question upon fabrics, is entitled to a liberal construction of the claims of his patent. He was not a mere improver upon a prior machine which was capable of accomplishing the same general result; in that case his claims would properly receive a narrower interpretation."

Morley was a pioneer, he claimed his invention broadly and the court said he was right. These patentees are not pioneers. They are improvers upon prior machines. They have claimed the features of their machine narrowly, and the court is of the opinion that they were right in so doing. Adopting these well-known rules of construction it is clear that the defendant does not infringe.

The proposition that the defendant's machine contains the six enumerated features of the claim, cannot be maintained. The complainant's theory seems to be that the succinct language of the specification may be ignored, and that the defendant's machine contains the "essential elements" of the claim, if construed as above. In other words, if the claim is for a combination containing four main sub-elements operating substantially like the apparatus described, the defendant infringes. Perhaps this is so, but, as before stated, the patent does not contain such a claim. The defendant does not use a cylinder or a notched disk, and there are essential points of difference in the defendant's compacting and rolling apparatus. The same rules of interpretation must apply to all parts of the claim. It will not do to place a broad construction upon one part and a narrow construction upon another part. If any measuring and distributing device may be substituted for "the cylinder B, having notched disk D, and chute C," it would seem to be equally clear that any compacting device may be substituted for "the re-

ciprocating hopper I, and reciprocating plunger L," and so on.   In view of the prior art and the explicit language of the claim it is thought that such a loose interpretation is not permissible, and that the court would not be justified in omitting features expressly designated as essential to the combination.   But if the claim were so construed it would then be broad enough to include some of the prior Williams structures, and so would be anticipated.   It follows that the bill must be dismissed.