GRISWOLD v. WAGNER et al.

(Circuit Court, S. D. Ohio, W. D. January 21, 1895.)

No. 4,596.

PATENTS—ANTICIPATION—INVENTION—WAFFLE IRONS.
 The Griswold patent, No. 229,280, for an improvement in waffle irons, "consisting in a novel construction of the hinge, connecting the two parts of the divided pan," was anticipated, as to claims 1 and 2, by the Harrington and Tower coffee-roaster patents (Nos. 24,024 and 21,858, respectively), and is void as to claim 3 for want of invention. Griswold v. Harker, 10 C. C. A. 435, 62 Fed. 389, distinguished.

This was a bill by Mathew Griswold against W. H. Wagner and others for infringement of a patent.

A. H. Johnson and J. C. Sturgeon, for complainant.
Harrison Wilson and Foraker & Prior, for defendants.

SAGE, District Judge. The complainant sues for the infringement of the first, second, and third claims of patent No. 229,280, dated June 29, 1880, for waffle irons. The improvement consists (so it is set forth by the inventor in the specification) "in a novel construction of the hinge connecting the two parts of the divided pan, whereby one of the pivots or journals on which the pan rotates is made to form a part of said hinge, the hinge and pivot being thus brought together, while the opposite pivot or journal on which the pan rotates is formed on the divided handle, by means of which the pan is rotated, and either portion which for the time being is uppermost is lifted for opening the pan."

It further consists, as is set forth in the specification, "in a novel construction and arrangement of the socket in the rim or supporting ring for the reception of the hinge and pivot, whereby the tilting or dumping of the pan is prevented when the cover is raised."
 v.65F.no.5—33

There are six claims, of which the first, second, and third are as follows:

(1) "In a waffle iron, the hinge upon which the pan opens, provided with one of the journals or pivots on which the pan is rotated."

(2) "The journals or pivots on which the pan rotates, formed upon or connected, one with the hinge upon which the pan opens, and the other on the handle for rotating and opening said pan."

(3) "The waffle-iron frame or ring provided with the enlargement or projection on one side, as described, forming the socket for the hinge of the pan and a support for the lid when raised, substantially as described."

The first two claims were sustained by the circuit court of appeals (Eighth circuit, June 25, 1894) in the case of Griswold v. Harker, 10 C. C. A. 435, 62 Fed. 389. No oral testimony was taken on behalf of the defendants in the case at bar, the defense resting wholly upon the state of the art as shown by patents, to which reference will hereinafter be made. Upon the hearing, it was stipulated by the parties in open court that in the case of Griswold v. Harker, above referred to, what is known as the "Harrington Model" was not before the circuit court of appeals; also, that letters patent of the United States (No. 21,387) were granted August 31, 1858, to S. Tower, for a coffee roaster; and that the same shall be treated as though having been pleaded in the answer, and offered in evidence by the defendants; and that the model representing the same shall be considered as in evidence; and that neither this patent nor model was before the court below or the court of appeals in the case of Griswold v. Harker, above referred to; also, that on the 6th day of July, 1893, letters patent of the United States (No. 502,086) were issued to David Shields; and that the complainant in this case became the purchaser and assignee of the same; and that, since he became such purchaser and assignee, he has constructed waffle irons in accordance therewith, reference being had in this connection, specifically, to the form of hinge in said letters patent described. It was also agreed that said letters patent should be considered as in evidence.

The Harrington patent, No. 24,024 (May 17, 1859), is for a coffee roaster, consisting of a hollow, divided ball of iron, which is the roaster, and has a projecting handle, made hollow, for the sake of lightness, to which a crank is attached. This ball rests in vertical bearings attached to a plate, which is designed to be placed over the hole of a cook stove when the roaster is in use, and, when removed from the stove, to be placed upon a trivet provided with feet of sufficient length to afford it a steady support, and keep it out of contact with whatever may be beneath. The handle is divided, consisting of two sections, each corresponding to the other, so that, when united, they form a cylindrical and complete whole. The section of the handle attached to the lower half of the ball is shorter than that attached to the upper half. At its outer end it is made square, so that, when the ball is closed, the crank fits upon the square portion of the handle. The crank can be slipped backward and forward, but is prevented from being entirely detached by means of a washer at the outer end of its upper part. By slipping the

crank into position upon the square portion of the handle, the two halves of the ball are held securely together, and the ball may be then conveniently rotated. When it is desired to open the ball, either to charge it or to empty out its contents, the crank is slipped back against the washer, when the upper half of the ball may be lifted by the upper half of the handle, and by means of a joint or hinge upon the opposite side of the ball, and constructed of an iron pin cast upon the side of the ball opposite the handle, and passing through a slot in a jaw cast upon the lower half of the ball, at a point opposite the lower half of the handle, into which slot the curved jaw of the upper half of the ball passes, being passed in beneath a pin, shown in Fig. 1 of the patent. A hinge is thus formed, which may be readily taken apart by lifting and removing the upper half of the ball. When the ball is closed, and the hinge is in position for use in roasting coffee, it forms one of the journals or pivots on which the ball is rotated, and the united handle forms the other journal or pivot. There is here a complete anticipation of the hinge described in the first claim of complainant's patent, and of the journals or pivots described in the second claim. The principle and plan of construction are identical, the only difference being an immaterial modification of the shape of the pin and the slot. Essentially they are the same. There is no invention in the slight mechanical change which appears in the complainant's construction. This patent is referred to in the opinion of the court in Griswold v. Harker, but it now appears that the model was not before that court. It is stated in the brief of defendants' counsel that, between the hearing of that case in the circuit court and the court of appeals, the model was broken, and mended in such form that, when produced in the court of appeals, it was excluded, because not true to the requirements of the patent, and it was not considered by the court. It is stated in the opinion that neither the patent to Harrington nor any of the patents cited or offered in anticipation in that case is provided with any hinge at all, and that the sine qua non of a waffle iron is a hinge which will hold the divided halves of the pan continuously together during all the operations of opening, filling, emptying, and closing it, so that all these operations can be conveniently and quickly performed. It is also stated that, the moment the halves of the rotating parts of the Harrington device are open, they become detached, and must again be attached to each other before they can be turned or operated. In the specification of the Harrington patent the hinge is not spoken of as a hinge, but as a joint; and the drawings are such that, without a model, the conclusion stated by the court was one likely to be reached. But with the model it is impossible to regard the joint as anything else than a hinge, or to fail to see that the conclusion arrived at by the court in Griswold v. Harker was altogether wrong; for it is not true that, the moment the halves were opened, they became detached, and had to be again attached to each other before they could be turned or operated.

The defendants' hinge is identical in construction with the hinge shown in Tower's coffee roaster, patent No. 21,387 (August 31, 1858), the drawings only of which are before this court. They show a coffee roaster in general shape and construction like Harrington's. The handle is in two parts, which fit together when the roaster is in use. The hinge is formed by a cylindrical pin, projecting from the inner surface of one-half of the handle, and fitting into a hole in the inner side of the other half of the handle. This patent was not before the court in Griswold v. Harker. It is here for the first time presented. Whenever the roaster in that device or the waffle iron in the defendants' device is lifted from its resting place, there is nothing to hold the halves together, and they become detached. The complainant's expert testified in Griswold v. Harker, and reiterates the statement in this case, that the essence of the complainant's invention and its substantive feature is the bringing of the hinge and the pivot or the axis of the pan into a given line; and the details by which this is effected are the nonessential and immaterial features of the invention. This feature is clearly and fully comprised in the Harrington and Tower devices above described. The mere fact that their devices were spherical roasters, and not waffle irons, cuts no figure, as there would be no invention in substituting flat pans for pans spherical. The first two claims must be held invalid for want of novelty.

This leaves for consideration the third and only other claim upon which infringement is charged. This claim embraces nothing more than a ring having an enlargement or projection on one side, possessed of no functions in and of itself. It cannot be made to serve any useful purpose excepting in combination with the pans having the journals and hinge. It does not rise to the dignity of an invention. Given the other parts of the combination, and the necessity for a support for the lid when raised, any intelligent artisan ought to be competent, in the exercise of the ordinary skill of his craft, to suggest the enlargement or projection covered by the claim. It would be carrying the doctrine of allowing a claim limited to the precise form or construction beyond the utmost verge to sustain this claim on that ground. But, if it could be so sustained, the defendants' construction is so different in form—being merely the socket in which the spherical end of the handle of their device, or the ball, rests, to form a ball and socket joint, which is old—that they could not be held to be infringers.

The bill will be dismissed, at the complainant's costs.