FULLER & JOHNSON MANUF'G CO. v. BENDER et al.

(Circuit Court, N. D. New York. October 15, 1895.)

No. 6,320.

1. PATENTS—WHAT CONSTITUTES INVENTION.

There is no invention in simply adding to a transplanting machine, comprising a combination of old elements, a new element consisting of a fertilizer hopper, which is simply transferred from another machine, in which it was previously used for the same purpose.

2. SAME—TRANSPLANTING MACHINES.

The Alward patent, No. 423,200, for improvements in transplanting machines, is void as to claim 1, for want of invention in the combination covered thereby.

This was a suit by the Fuller & Johnson Manufacturing Company against John O. Bender and others for alleged infringement of a patent relating to transplanting machines.

C. H. Duell, for complainant.

C. W. Smith, for defendants.

COXE, District Judge. The first claim of letters patent, No. 423,200, granted March 11, 1890, to C. G. Alward for improvements in transplanting machines, is alone involved. It is as follows:

"(1) A transplanting-machine comprising a frame mounted on carrying-wheels, a ground-opener connected to said frame, a fertilizer-hopper having its discharge-spout in the line of travel of the ground-opener, and a water-tank having a discharge-pipe leading to the path of the ground-opener, as set forth and shown."

The defenses are defect of parties, abandonment, lack of novelty and invention and non-infringement.

The defense principally relied upon is lack of invention. This only will be considered. The claim contains the following elements: (1) A frame mounted on carrying wheels. (2) A ground opener connected to said frame. (3) A fertilizer hopper having its discharge pipe in the line of travel of the ground opener. (4) A water tank having a discharge pipe leading to the path of the ground opener. These are claimed broadly and are not limited to any special form of construction. It is conceded that each element was old at the date of the Alward patent and that all were combined in a transplanting machine, except the fertilizer hopper. This combination is shown in the Smith reissue, No. 10,982. The patent to Pease, No. 223,065, for a fertilizer hopper, shows all of the elements of the claim except the water tank.

The defendants' expert tersely states the situation when he says: "The Smith patent lacks simply the fertilizer hopper to make it the same as complainant's case, and the Pease patent lacks simply the water tank attachment to make it the same as complainant's case." It is obvious, then, that a farmer who should place the Smith water tank on the Pease machine or the Pease fertilizer hopper on the Smith machine would have the Alward combination complete. Would the farmer who did this become an inventor? If not, Alward's claim cannot stand, for he did nothing more. He transferred the old Pease hopper to the old Smith transplanter. The question cannot be stated more fairly than by the learned counsel for the complainant. He says: "The new element which Alward added was that of the fertilizer hopper having its discharge spout in the line of travel of the ground-opener." It is argued that to do this required an exercise of the inventive faculties, but, after careful consideration of the question in its various aspects, the court is constrained to dissent from this proposition. The use of the hopper and the tank would naturally and spontaneously occur to any man who felt the need of both phosphate and water in the cultivation of his plants. If he were using the old transplanter, and the necessity for a fertilizer became apparent, what would be more natural than that he should place on his machine the old fertilizing device which stood ready at his hand?

If it be invention to do this, where is the line to be drawn? Each one who transfers to the machine some convenient contrivance is entitled to a patent for a new combination. Suppose, for instance, it should be found that the plants thrive best with two varieties of fertilizer, and some one should add a second hopper to the Alward machine, he would be entitled to a patent for that, and so on, ad infinitum.

Alward's achievement is correctly characterized by the defendants' expert. He says:

"Thus to transfer the fertilizer hopper from the Pease machine to either one of the transplanting machines to which I have referred it would simply have to be detached, lifted off the one machine and attached to the other without any change of the hopper or its valves. * * *, To do this would require simply ordinary mechanical skill and would involve no invention. * * * I see no novelty in putting upon a transplanting machine, having all the other essential features, a fertilizer hopper and connections, which are old in themselves and only require the mere act of transferring from one machine to another. In thus transferring the fertilizer its discharge pipe would be nothing but a duplication of the water tank discharge pipe."

The law is clear that Alward's contribution to the art, as embodied in the claim in controversy, is not patentable.

In Richards v. Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, the claim was similar in many respects to the claim at bar. It was held bad on demurrer. In affirming the judgment the court says:

"It is not claimed that there is any novelty in any one of the elements of the above combination. They are all perfectly well known, and if not known in the combination described, they are known in combinations so analogous that the court is at liberty to judge of itself whether there be any invention in using them in the exact combination claimed. * * * Unless the combination accomplishes some new result, the mere multiplicity of elements does not make it patentable. So long as each element performs some old and well-known function, the result is not a patentable combination, but an aggregation of elements. Indeed, the multiplicity of elements may go on indefinitely without creating a patentable combination, unless by their collocation a new result is produced. * * * Not a new function or result is suggested by the combination in question."

See, also, Aron v. Railway Co., 132 U. S. 84, 10 Sup. Ct. 24; Griswold v. Wagner, 68 Fed. 494, 499; Fox v. Perkins, 3 C. C. A. 32, 52 Fed. 205; Briggs v. Ice Co., 8 C. C. A. 480, 60 Fed. 87; Steiner Fire Extinguisher Co. v. City of Adrian, 8 C. C. A. 44, 59 Fed. 132; National Progress Bunching-Machine Co. v. John R. Williams Co., 44 Fed. 190; Lauferty v. Manufacturing Co., 67 Fed. 1015.

It follows that the bill must be dismissed.