## HARTSOUGH v. GILE.

(Court of Appeals of District of Columbia. Submitted March 10, 1920. Decided May 3, 1920.)

### No. 1297.

1. Patents ⊗—91(3)—**Evidence held to show abandoned machine, not successfully reduced to practice.**

Where an applicant, who apparently had ample means to promote his invention, constructed a machine and tested it, but thereafter abandoned the machine and filed no application for patent until after he learned of an interfering application, a finding that he had not successfully reduced the machine to practice was justified, though he testified that the test was successful.

2. Patents ⊗—91(3)—**Repetition of successful test not necessary, but is best evidence of success.**

Where an applicant establishes that he had reduced his invention to practice, it is not incumbent on him to operate his device again; but where there is a serious question as to the success of the test, and the machine is still in existence, a repetition of the test would be the best evidence of its success.

3. Patents ⊗—91(3)—**Party who abandons machine after test must have clear evidence that test was successful.**

Party who had constructed and tested a machine, and then put it aside and apparently forgot it, until another in good faith had constructed a similar machine, put it upon the market, and applied for a patent, must have very clear and convincing evidence that the test of his machine fully complied with the requirements as to the reduction to practice, or the test will be regarded as a mere abandoned experiment, and priority awarded to the party through whose efforts the invention was given to the public.

Appeal from the Assistant Commissioner of Patents.

Interference proceedings between Ralph B. Hartsough and William L. Gile. From a decision awarding priority to Gile, the junior party, Hartsough appeals. Reversed, and priority awarded Hartsough.

A. C. Paul, of Minneapolis, Minn., and W. G. Henderson and Melville Church, both of Washington, D. C., for appellant.

Fred Gerlach, of Chicago, Ill., and Percy B. Hills, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decision of an Assistant Commissioner of Patents in an interference proceeding awarding priority to the junior party Gile. The invention relates to a plow tractor and is expressed in a single count, as follows:

"In a plow tractor, the combination of a pair of coaxial traction wheels at the sides of the tractor respectively, a single front steering wheel substantially aligned longitudinally with one of the traction wheels, said longitudinally aligned steering and traction wheels being disposed at the furrow side of the tractor and adapted to travel in the same furrow, a frame supported by said traction and steering wheels, differential gearing between the traction wheels and whereby both will be driven, and a motor mounted on the frame and connected to drive said gearing, said single front wheel when traveling

⊗—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in a furrow, acting to automatically steer the tractor; said gearing causing the traction wheels to be driven at relatively different speeds in steering the tractor responsively to the front furrow wheel."

In the summer of 1914 Gile built a tractor at Ludington, Mich., which we will assume embodied the issue, and in October of that year this tractor was taken to a farm near Scottsville, Mich., and there tested. In November, following, it was taken back to Ludington, and, so far as the evidence discloses was not used thereafter, but found its way to a neighboring ball park, where it remained until the spring, of 1916, when it was discovered by representatives of licensees of Hartsough, whose attention was attracted to it by its resemblance to the Hartsough tractor their concern was manufacturing under license. The Examiner of Interferences found, and we concur in the finding, that Gile was inspired to apply for a patent by representations then made to him. After the construction and test of this machine, it apparently passed out of his mind, for he directed his attention to the construction of another machine, which was completed in the summer of 1916, and upon which he almost immediately applied for a patent. After a patent had inadvertently issued to Gile upon the application induced by the licensees of Hartsough, those licensees ceased paying Hartsough royalties, but continued to manufacture the tractor under a license from the assignees of the Gile patent.

[1, 2] When Hartsough's application was filed in July 21, 1915, he not only had perfected his machine, but had placed the same on the market, where it was very favorably received. Gile, whose concern manufactured and sold to Hartsough motors for his tractor, and who must have known of the tractor's success, did nothing about asserting a claim to the invention, as we have seen, until after the incident to which we have alluded. The testimony relating to the character and sufficiency of the test of the Gile tractor in October of 1914 was taken in May of 1917, or more than 2½ years after the test. The testimony tended to show that the tractor did "very good work," or, as Gile himself testified, "Well, we considered the work very good." The testimony not only is lacking in detail, but is so inconsistent with what followed, as to cause us to adopt the finding of the Examiner of Interferences that it falls short of proving reduction to practice. As the Circuit Court of Appeals observed in Griswold v. Harker, 62 Fed. 389, 10 C. C. A. 435, "Actions often speak louder, and frequently more truthfully, than words." It is inconceivable that Gile, an intelligent man, abundantly able apparently, to take advantage of and protect and promote any invention he should make, and who admittedly was endeavoring to evolve a successful tractor, would have acted as he did, had the test of this tractor been even measurably successful. When the testimony was taken the tractor was in existence, and apparently as capable of being operated as in 1914, and yet it was not operated. While it is not incumbent upon a party, after satisfactorily proving reduction to practice, again to operate his device, in a case of this sort, where there is a serious question as to the success of a former test, the most satisfactory way to settle the question, it occurs to us,

would be again to test the machine. There are other circumstances all tending in the same direction to which the Examiner of Interferences alluded in his opinion, but which need not be repeated here.

[3] This court has uniformly ruled that where, as here, a machine is constructed, tested, put aside, and apparently forgotten, and another party in good faith enters the field and constructs a similar machine, puts it upon the market, and applies for a patent, the first party, who slumbered upon his rights, must have very clear and convincing evidence that the test of his machine fully complied with the requirements as to reduction to practice, and that if he fails to sustain that burden the test will be regarded as a mere abandoned experiment, and priority awarded the party through whose efforts the public received the invention. Warner v. Smith, 13 App. D. C. 111; Adams v. Murphy, 18 App. D. C. 172; Howard v. Hey, 18 App. D. C. 142; Quist v. Ostrom, 23 App. D. C. 69; Gordon v. Wentworth, 31 App. D. C. 150; Moore v. Hewitt, 31 App. D. C. 577; Collis v. Quenzer, 38 App. D. C. 481.

We rule, therefore, that Gile has not sustained the burden of proof in this case, and, as he clearly was lacking in diligence, the decision is reversed, and priority awarded Hartsough.

Reversed.